UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| IGF INSURANCE COMPANY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, an Illinois Insurance Corporation, | ) ) ) | |
| | ) | |
| Defendant, | ) | 1:01-cv-799-RLY-KPF |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, and 1911 CORP., | ) ) | |
| | ) | |
| Counterplaintiffs and Third-Party Plaintiffs, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| IGF INSURANCE COMPANY, IGF HOLDINGS, INC., and SYMONS INTERNATIONAL GROUP, INC. | ) ) ) | |
| | ) | |
| Counterdefendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GORAN CAPITAL, INC., GRANITE REINSURANCE COMPANY, LTD., SUPERIOR INSURANCE COMPANY, PAFCO GENERAL INSURANCE COMPANY, ALAN SYMONS, DOUGLAS SYMONS, and G. GORDON SYMONS, | ) ) ) ) ) ) | |
| | ) | |
| Counterdefendants and Third Party Defendants. | ) ) | |

1

## ORDER ON CONTINENTAL CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS

On February 28, 1998, IGF Insurance Company[1] ("IGF") and affiliated companies IGF Holdings, Inc. ("IGFH"), and Symons International Group, Inc. ("SIG") (collectively, the "IGF Parties"), and the defendant, Continental Casualty Company ("CCC"), entered into a Strategic Alliance Agreement ("SAA") whereby CCC sold its Multiple Peril Crop Insurance ("MPCI") and Crop Hail Insurance book of business to IGF. Pursuant to Section 3 of the SAA, CCC transferred management responsibilities of its MPCI and Crop Hail book of business to IGF where it was pooled with IGF's business. Service Agreements, which were appended to the SAA as Ancillary Agreements, authorized IGF to issue new MPCI and Crop Hail policies and renew previously issued policies on CCC policy forms, adjust and litigate all claims arising under these policies in CCC's name, and bill customers directly for premiums owed under these policies. The SAA also provided that the parties would share profits or losses from the pooled insurance businesses pursuant to the terms of four other Ancillary Agreements known as "Quota Share Agreements." At any time after a three-year period, CCC could exercise a put option (known by the parties as the Put Mechanism) at which time sharing of the pooled business and other relationships between the parties would terminate; IGF would be the sole owner of CCC's crop insurance business; and the IGF Parties would

---

[1] IGF settled its case with CCC and is therefore no longer a party to this action.

pay CCC the purchase price for the business, which was based on a pre-negotiated formula established in the SAA. The parties also entered into a software license agreement whereby IGF acquired a limited license in CCC's REAP software system to aid it in administering and processing CCC's crop insurance policies. A few months after the parties closed on the deal, the IGF Parties allege that they discovered that CCC's crop insurance book of business was not nearly as lucrative as previously represented by CCC. They also allege that the REAP software system did not function properly and, thus, was not fully capable of administering and processing CCC's crop insurance policies.

In January 2003, CCC exercised the Put Mechanism. The IGF Parties were unable to pay CCC the monies it owed them, and this litigation ensued.

On June 4, 2001, the IGF Parties filed a complaint in this matter, which was later amended on April 10, 2002, to include IGFH and SIG. In Count I of the Amended Complaint, the IGF Parties allege that CCC fraudulently induced them to execute the SAA by misrepresenting or failing to disclose material facts concerning CCC's book of business. In Count II, the IGF Parties allege that CCC breached its obligations to IGF under the REAP Software Licence Agreement by failing to complete or maintain the REAP software and by failing to provide support for the REAP system. And in Count III, the IGF Parties allege that CCC breached its fiduciary duty to Plaintiffs by, *inter alia*, "failing to correct the misrepresentations and omissions upon which plaintiffs relied in entering the SAA and the agreements ancillary to the SAA." (Amended Complaint ¶ 83(b)).

CCC moves for summary judgment on all claims of the IGF Parties' Amended Complaint. The IGF Parties failed to file a response brief or to produce any evidence in support of their allegations. Accordingly, after having reviewed the facts and evidence produced by CCC in support of its motion, the court hereby finds that summary judgment should be entered in its favor.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that CCC's Motion for Summary Judgment (Docket # 37) is **GRANTED**.

**SO ORDERED** this 22nd  day of March 2007.

                                                  _____
                                                  RICHARD L. YOUNG, JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Electronic Copies to:

Robert M. Baker III
rbaker@rbakerlaw.net

James Scott Fanzini
HOOVER HULL LLP
jsfanzini@hhbhlaw.com

James H. Hanson
SCOPELITIS GARVIN LIGHT & HANSON
jhanson@scopelitis.com

James A. Hardgrove
SIDLEY AUSTIN BROWN & WOOD LLP
jhardgrove@sidley.com

Steven Kenneth Huffer
HUFFER & WEATHERS
steve_huffer@hufferandweathers.com

Jeffrey L. McKean
WOODEN & MCLAUGHLIN LLP
jmckean@woodmaclaw.com

Robert L. McLaughlin
WOODEN & MCLAUGHLIN LLP
rmclaughlin@woodmaclaw.com

Michael Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmaclaw.com

Ellen S. Robbins
SIDLEY AUSTIN LLP
erobbins@sidley.com

Daniel Steven Ryan
SIDLEY AUSTIN LLP
dan.ryan@sidley.com