UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IGF INSURANCE COMPANY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CONTINENTAL CASUALTY | ) | |
| COMPANY, an Illinois Insurance | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant, | ) | 1:01-cv-799-RLY-KPF |
| | ) | |
| CONTINENTAL CASUALTY | ) | |
| COMPANY, and 1911 CORP., | ) | |
| | ) | |
| Counterplaintiffs and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| IGF INSURANCE COMPANY, IGF | ) | |
| HOLDINGS, INC., and SYMONS | ) | |
| INTERNATIONAL GROUP, INC. | ) | |
| | ) | |
| Counterdefendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GORAN CAPITAL, INC., GRANITE | ) | |
| REINSURANCE COMPANY, LTD., | ) | |
| SUPERIOR INSURANCE COMPANY, | ) | |
| PAFCO GENERAL INSURANCE | ) | |
| COMPANY, ALAN SYMONS, DOUGLAS | ) | |
| SYMONS, and G. GORDON SYMONS, | ) | |
| | ) | |
| Counterdefendants and | ) | |
| Third-Party Defendants. | ) | |

1

# ORDER ON CONTINENTAL CASUALTY COMPANY'S MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST SYMONS INTERNATIONAL GROUP AND IGF HOLDINGS

Continental Casualty Company ("CCC") moves for the entry of a partial final judgment on Counts I and II of its Amended Counterclaim pursuant to Fed. R. Civ. P. 54(b).

The record reflects that on March 31, 2007, the court granted CCC's motion for summary judgment on Counts I and II of its Amended Counterclaim against the IGF Parties, IGF[1], SIG and IGFH, for breach of the Strategic Alliance Agreement ("SAA"). Moreover, on March 23, 2007, the court granted CCC's unopposed motion for summary judgment against the IGF Parties. Thus, CCC contends these Counts are ripe for appeal as "all disputes relating to the SAA between CCC, on the one hand, and IGFH and SIG, on the other hand," have been finally resolved.

Rule 54(b) of the Federal Rules of Civil Procedure governs CCC's motion, and provides:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

In making a Rule 54(b) finality determination, the court must first determine whether it has reached a final judgment. If it has, it must then determine whether "there

---

[1] IGF settled its case against CCC and is therefore no longer a party to this action.

is any just reason for delay." *United States General, Inc. v. Albert*, 792 F.2d 678, 680-81 (7th Cir. 1986).

There does not appear to be a dispute as to whether the court has reached a final judgment on Counts I and II. Thus, the court turns to the second question – whether there exists a just reason for delaying an immediate appeal. In making this determination, the court is to consider both "judicial administrative interests as well as the equities involved." *Id*. (citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)). In evaluating the judicial administrative interests at stake, the court should "consider such factors as whether the claims under review were separable from the other remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*.

The issue in dispute is whether the claims already adjudicated – i.e., Counts I and II for breach of the SAA – are sufficiently "separate" from the claims remaining – i.e., Counts III-V – that an appealable judgment is appropriate. In *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 737 F.2d 698 (7th Cir. 1984), the Seventh Circuit found that claims are separate for purposes of Rule 54(b), and thus are subject to an immediate appeal, if the facts underlying the claims are different. *Id*. at 702.

The claims remaining in this case are Counts III-V of CCC's Amended Counterclaim. Count III, like Counts I and II, is a breach of contract claim. More specifically, Count III alleges that IGFH is liable to 1911 Corp. on a promissory note.

That claim is clearly different than and separate from the breach of contract claims asserted in Counts I and II.

Counts IV and V of the Amended Counterclaim are based upon IGF's sale of its crop insurance business to Acceptance Insurance Companies, Inc. In Count IV, CCC and 1911 Corp. allege that the Individual Counterdefendants, Alan and Gordon Symons, fraudulently transferred the majority of the proceeds from that sale to Counterdefendants SIG, Goran Capital, Inc., and Granite Reinsurance Co., Ltd., solely to divert IGF's assets from IGF, rendering it unable to pay its creditors, CCC and 1911 Corp. In Count V of the Amended Counterclaim, CCC and 1911 Corp. allege that the Individual and Corporate Counterdefendants were alter egos of one another, left IGF in a state where it was not sufficiently capitalized to meet its obligations to CCC and 1911 Corp., and should therefore be liable for the debt owed to CCC and 1911 Corp. The court agrees with SIG and the Counterdefendants that Counts IV and V are thus alternative theories of recovery of the underlying debt that the IGF Parties owe CCC on Counts I and II. Notwithstanding that fact, the factual and legal issues relevant to Counts IV and V are different than and separate from those involved in Counts I and II. *See Robbins v. B and B Lines, Inc.*, 1986 WL 5014 (N.D. Ill. April 24, 1986) (district court's entry of final judgment against B and B was proper notwithstanding the remaining claim alleging that the second defendant, Oklahoma City, was liable to B and B on the basis of alter ego, as the two claims were separable and based on different factors).

That said, the equities in this case militate against awarding CCC a partial final

judgment on Counts I and II.  This case has been pending for six years.  Discovery is complete, and the dispositive motions have been ruled upon.  Only a jury trial remains.  In light of that fact, it makes little sense to break the case apart.  The court finds its ruling will ultimately save this court and the Court of Appeals significant time and effort.  Accordingly, the court, in its discretion, **DENIES** CCC's motion (Docket # 113).

**SO ORDERED** this  25th   day of May 2007.

```
                                         _____
                                         RICHARD L. YOUNG, JUDGE
                                         United States District Court
                                         Southern District of Indiana
```

Electronic Copies to:

Robert M. Baker III
rbaker@rbakerlaw.net

James Scott Fanzini
HOOVER HULL LLP
jsfanzini@hhbhlaw.com

James H. Hanson
SCOPELITIS GARVIN LIGHT & HANSON
jhanson@scopelitis.com

James A. Hardgrove
SIDLEY AUSTIN BROWN & WOOD LLP
jhardgrove@sidley.com

Steven Kenneth Huffer
HUFFER & WEATHERS
steve_huffer@hufferandweathers.com

Jeffrey L. McKean
WOODEN & MCLAUGHLIN LLP
jmckean@woodmaclaw.com

Robert L. McLaughlin
WOODEN & MCLAUGHLIN LLP
rmclaughlin@woodmaclaw.com

Michael Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmaclaw.com

Ellen S. Robbins
SIDLEY AUSTIN LLP
erobbins@sidley.com

Daniel Steven Ryan
SIDLEY AUSTIN LLP
dan.ryan@sidley.com