UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IGF INSURANCE COMPANY, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CONTINENTAL CASUALTY )<br>COMPANY, an Illinois Insurance )<br>Corporation, )<br>)<br>Defendant, )<br>_____)<br>CONTINENTAL CASUALTY )<br>COMPANY, and 1911 CORP., )<br>)<br>Counterplaintiffs and )<br>Third-Party Plaintiffs, )<br>)<br>vs. )<br>)<br>IGF INSURANCE COMPANY, IGF )<br>HOLDINGS, INC., and SYMONS )<br>INTERNATIONAL GROUP, INC. )<br>)<br>Counterdefendants, )<br>)<br>and )<br>)<br>GORAN CAPITAL, INC., GRANITE )<br>REINSURANCE COMPANY, LTD., )<br>SUPERIOR INSURANCE COMPANY, )<br>PAFCO GENERAL INSURANCE )<br>COMPANY, ALAN SYMONS, DOUGLAS )<br>SYMONS, and G. GORDON SYMONS, )<br>)<br>Counterdefendants and )<br>Third-Party Defendants. ) | 1:01-cv-799-RLY-KPF |

**ENTRY ON THE INDIVIDUAL COUNTERDEFENDANTS' MOTION TO VACATE AND RECONSIDER ORDER HOLDING NON-TRANSFEREES LIABLE FOR FRAUDULENT CONVEYANCES IN LIGHT OF NEW INDIANA APPELLATE DECISION**

Alan Symons and Gordon Symons (the "Individual Counterdefendants") move the court to vacate its Findings of Fact and Conclusions of Law and order that they cannot be held liable for alleged fraudulent transfers because the court's ruling is contrary to a recent Indiana Court of Appeals ruling, *Shi v. Yi*, 921 N.E.2d 31 (Ind. Ct. App. 2010). For the reasons set forth below, the court **DENIES** the Individual Counterdefendants' motion.

The issue which the court addressed in its Findings of Fact and Conclusions of Law is whether an officer or director of a first transferee, who is found to have personally participated in the fraud, can be held personally liable under the IUFTA. (Findings of Fact and Conclusions of Law, Docket # 257, Conclusion of Law No. 85). Following the reasoning of the Seventh Circuit in *DFS Sec. Healthcare Receivables Trust v. Caregivers Great Lakes, Inc.*, 384 F.3d 338, 347, 348 (7th Cir. 2004), this court determined that such an officer or director who has personally participated in the fraudulent transfer can be liable for the transfer. (Findings of Fact and Conclusions of Law, Docket # 257, Conclusion of Law Nos. 83-89). The court then determined, based upon the facts of the case, that the Individual Counterdefendants (including Douglas Symons) personally participated in the fraudulent transfer (*id*. at 90-94) and financially benefitted from the fraudulent transfer (*id*. at 95-101).

In the case presented by the Individual Counterdefendants, *Shi v. Yi*, *supra*, the defendant, Yi, transferred real property to a wholly-owned subsidiary, Nova, in order to avoid the debt owed to plaintiff. *Shi*, 921 N.E.2d at 33. Nova then sold the property to a third-party defendant purchaser (Lucas). *Id*. at 34. Plaintiff then sued Yi, Nova, and the third-party purchaser, for fraudulent conveyance. *Id*. The Complaint also named the title company, Enterprise, as a defendant. *Id*. The facts reflected that Enterprise prepared a title commitment policy, which had noted the underlying judgment between plaintiff and Shi, and had recorded the quitclaim deed between Yi and Nova. *Id*. The trial court dismissed Enterprise as a defendant. *Id*. at 35. In affirming the trial court, the Court of Appeals reasoned: (1) "Shi does not attempt to demonstrate that Enterprise may be considered a 'debtor' for IUFTA purposes [and] [c]onsequently, Enterprise is an improper party" (*id*. at 37); (2) there was no allegation that Enterprise engaged in a misrepresentation or other fraudulent act (*id*. at 38); and (3) there was no allegation that Enterprise received the property as a grantee (*id*.).

*Shi* does not persuade the court to vacate its Findings of Fact and Conclusions of Law. The defendant dismissed in *Shi*, Enterprise, was merely a conduit, and not an active participant in, the fraud. Significantly, Enterprise was not an officer or director of, or in any way related to, either the transferor, the first transferee, or the second transferee. Enterprise did not control, participate in, or benefit from the property sale or the fraud. The *Shi* case cited, without analysis, numerous routine Indiana cases, none of which involved the question presented here: the liability of controlling officers, directors, and

shareholders of corporate recipients of fraudulent transfers, where those shareholders, officers, and directors did control, participate in, and benefit directly from the fraudulent transfers. Nor did the *Shi* case discuss or cite *DFS*, the case discussed at length in the court's Conclusions of Law.

*Shi* does not purport to and does not address new controlling Indiana precedent of first impression on the issue decided by the court. In the absence of the same, the court's Findings of Fact and Conclusions of Law stand. The Individual Counterdefendants' Motion to Vacate and Reconsider Order Holding Non-Transferees Liable for Fraudulent Conveyances in Light of Indiana Appellate Decision (Docket # 314) is hereby **DENIED**.

**SO ORDERED** this  12th   day of April 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Robert M. Baker III
rbaker@rbakerlaw.net

Robert L. Browning
SCOPELITIS GARVIN LIGHT & HANSON
rbrowning@scopelitis.com

Braden Kenneth Core
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
bcore@scopelitis.com

James H. Hanson
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
jhanson@scopelitis.com

James A. Hardgrove
SIDLEY AUSTIN BROWN & WOOD LLP
jhardgrove@sidley.com

Jeffrey Lynn McKean
WOODEN & MCLAUGHLIN LLP
drichards@woodmaclaw.com

Robert L. McLaughlin
WOODEN & MCLAUGHLIN LLP
rmclaughlin@woodmaclaw.com

Patricia M. Petrowski
SIDLEY AUSTIN LLP
ppetrowski@sidley.com

Michael Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmclaw.com

Ellen S. Robbins
SIDLEY AUSTIN LLP
erobbins@sidley.com

R. Jay Taylor Jr.
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
jtaylor@scopelitis.com

Copy to:

Susan Spies Roth
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603