UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IGF INSURANCE COMPANY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CONTINENTAL CASUALTY ) | |
| COMPANY, an Illinois Insurance ) | |
| Corporation, ) | |
| ) | |
| Defendant, ) | 1:01-cv-799-RLY-KPF |
| _____) | |
| CONTINENTAL CASUALTY ) | |
| COMPANY, and 1911 CORP., ) | |
| ) | |
| Counterplaintiffs and ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| IGF INSURANCE COMPANY, IGF ) | |
| HOLDINGS, INC., and SYMONS ) | |
| INTERNATIONAL GROUP, INC. ) | |
| ) | |
| Counterdefendants, ) | |
| ) | |
| and ) | |
| ) | |
| GORAN CAPITAL, INC., GRANITE ) | |
| REINSURANCE COMPANY, LTD., ) | |
| SUPERIOR INSURANCE COMPANY, ) | |
| PAFCO GENERAL INSURANCE ) | |
| COMPANY, ALAN SYMONS, DOUGLAS ) | |
| SYMONS, and G. GORDON SYMONS, ) | |
| ) | |
| Counterdefendants and ) | |
| Third-Party Defendants. ) | |

1

## ENTRY DIRECTING FURTHER PROCEEDINGS

### I

The court issued a judgment ("Judgment") on October 19, 2009. On November 19, 2009, the Counterdefendants filed an appeal from that Judgment in the Court of Appeals for the Seventh Circuit ("Court of Appeals"), docketed as 09-3828. The Court of Appeals promptly – and almost certainly correctly – recognized that the Judgment was lacking in finality and thus, was not a final appealable judgment based on 28 U.S.C. § 1291. A final decision is one that disposes of all claims against all parties, or in the case of a partial dismissal, where the district court has made an "express determination that there is no just reason for delay and upon an express direction for the entry of judgment." FED. R. CIV. P. 54(b); *see also Ruiz v. Blentech Corp.*, 89 F.3d 320, 323 (7th Cir. 1996). The Court of Appeals noted the same in its Order of November 20, 2009:

> A review of the "Judgment" entered on October 19, 2009, does not disclose whether the district court disposed of every claim of the complaint of three plaintiffs against defendant – its disposition is not referenced in the "Judgment." Similarly, the "Judgment" fails to refer to the disposition of Counts I, II, and III of Continental Casualty Company's counterclaims. The "Judgment" also neglects to mention the disposition of Counts I, II, IV and V of 1911 Corporation's claims against the various parties . . . . The court also notes that the "Judgment" fails to mention the disposition of the claims against Superior Insurance Company and Pafco General Insurance.

(Order dated November 20, 2009, at 2).

Although the appeal in No. 09-3828 is currently pending in the Court of Appeals

(as is another docketed as No. 10-1023), the parties continue to file post-judgment motions and the court has ruled on several such motions.

The foregoing circumstances are problematic for various reasons. The principal enigma flows from the fact that, "[a] notice of appeal deprives the district court of jurisdiction over the issues presented on the appeal." *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006) (citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982)). "The purpose of this rule is to avoid the confusion of placing the same matter before two courts at the same time and to preserve the integrity of the appeal process." *In re Teknek, LLC,* 563 F.3d 639, 650 (7th Cir. 2009) (citing *Whispering Pines Estates, Inc. v. Flash Island, Inc.,* 369 B.R. 752, 757 (B.A.P. 1st Cir. 2007). Despite the general rule just cited, "[t]he rule does not operate . . . where there is a purported appeal from a non-appealable order." *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982), *cert. denied,* 460 U.S. 1091 (1983) (citing *United States v. Garner*, 663 F.2d 834, 838 (9th Cir. 1981); MOORE'S FEDERAL PRACTICE ¶ 203.11, at 3-51 (2d ed. 1982)).

The post-judgment activity in this case concerns the court because if the Judgment of October 19, 2009, was not a final judgment, no execution or foreign registration of that document should be undertaken. This is troublesome because "jurisdiction is power to act," *Bailey v. Sharp,* 782 F.2d 1366, 1369 (7th Cir. 1986) (Easterbrook, concurring), and without jurisdiction, any decision or ruling by the court would be a nullity. *See Naum v. Brown,* 604 F. Supp. 1186, 1187 (E.D.N.Y. 1985).

In summary, the post-judgment activity in this action and in this court have produced confusion by placing the same matter before two courts at the same time. This cannot be.

## II

In light of the concerns outlined in Part I of this Entry, the action at this level will proceed as follows:

1. The parties shall **file a joint report,** not to exceed three typed pages (exclusive of signatures and caption), in which they: (a) identify the procedural posture of each pending appeal filed from any ruling or order in this case; (b) identify the substantive feature of any such appeal relating to the finality or lack of finality in the Judgment of October 19, 2009; and (c) present their respective views on what jurisdiction, if any, remains with this court to act on post-judgment issues (including the many motions which have been filed).

2. The joint report directed above shall be filed no later than April 27, 2010;

3. A status conference will be conducted thereafter to discuss the information in the joint report and to identify what matters the parties seek to have the court act on while any of the appeals remains pending. The joint report may therefore include a

proposed agenda for such conference.

**SO ORDERED** this 19th  day of April 2010.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Robert M. Baker III
rbaker@rbakerlaw.net

Robert L. Browning
SCOPELITIS GARVIN LIGHT & HANSON
rbrowning@scopelitis.com

Braden Kenneth Core
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
bcore@scopelitis.com

James H. Hanson
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
jhanson@scopelitis.com

James A. Hardgrove
SIDLEY AUSTIN BROWN & WOOD LLP
jhardgrove@sidley.com

Jeffrey Lynn McKean
WOODEN & MCLAUGHLIN LLP
drichards@woodmaclaw.com

Robert L. McLaughlin
WOODEN & MCLAUGHLIN LLP
rmclaughlin@woodmaclaw.com

Patricia M. Petrowski
SIDLEY AUSTIN LLP
ppetrowski@sidley.com

Michael Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmclaw.com

Ellen S. Robbins
SIDLEY AUSTIN LLP
erobbins@sidley.com

R. Jay Taylor Jr.
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
jtaylor@scopelitis.com

Copy to:

Susan Spies Roth
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603