**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| IGF INSURANCE COMPANY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CONTINENTAL CASUALTY COMPANY, an Illinois Insurance Corporation, | ) |
| | ) |
| Defendant, | ) 1:01-cv-799-RLY-KPF |
| | ) |
| CONTINENTAL CASUALTY COMPANY, and 1911 CORP., | ) |
| | ) |
| Counterplaintiffs and Third-Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| IGF INSURANCE COMPANY, IGF HOLDINGS, INC., and SYMONS INTERNATIONAL GROUP, INC. | ) |
| | ) |
| Counterdefendants, | ) |
| | ) |
| and | ) |
| | ) |
| GORAN CAPITAL, INC., GRANITE REINSURANCE COMPANY, LTD., SUPERIOR INSURANCE COMPANY, PAFCO GENERAL INSURANCE COMPANY, ALAN SYMONS, DOUGLAS SYMONS, and G. GORDON SYMONS, | ) |
| | ) |
| Counterdefendants and Third-Party Defendants. | ) |

**E N T R Y**

**I.**

**A.**

The judgment of October 19, 2009, was not a final judgment and should not have been treated as such by the parties. A final judgment is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Riley v. Kennedy*, 553 U.S. 406 (2008)(quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). A final judgment has not been entered since October 19, 2009 and efforts to belatedly make the judgment of October 19, 2009, a partial final judgment pursuant to Rule 54(b) are unpersuasive. The judgment was not accompanied by the findings and certification required pursuant to Rule 54(b) of the *Federal Rules of Civil Procedure*. The court did not previously, and does not now, find the circumstances required for the issuance of a partial final judgment pursuant to Rule 54(b). No collection of the monetary awards in the judgment of October 19, 2009, should have been undertaken.

Generally, an appeal may not be taken in a civil case until a final judgment disposing of all claims against all parties is entered on the district court's civil docket pursuant to Rule 58 of the *Federal Rules of Civil Procedure. See Cleaver v. Elias*, 852 F.2d 266 (7th Cir. 1988). Orders from both the Court of Appeals and this court lay strong groundwork for the conclusion that the appeal and the cross-appeal, as well as the appeal filed on May 11, 2010, are ineffective and will be dismissed for lack of jurisdiction because no final judgment has been entered. In view of this, and because this court may retain jurisdiction over at least some features of the action, the court finds it appropriate to turn back the dial relative to several aspects of the activity in this court since October 19, 2010.

Consistent with the foregoing, therefore:

1. The Judgment of October 19, 2009 (dkt 258) is **vacated**.

2. The following orders are also **vacated:**

    a. The order directing clerk to issue writs of execution (dkt 261);

    b. The order on the motion to amend judgment (dkt 282);

    c. The order dismissing Douglas Symons (dkt 310); and

    d. The entry on the individual counterdefendants' (dkt 318) motion to vacate and reconsider order holding non-transferees liable for fraudulent conveyances.

    3.    Consistent with the foregoing, the following motions are **denied**:

        a.    The motion to amend/correct judgment (dkt 259);

        b.    The application/praecipe for writ of execution (dkt 260);

        c.    The motion to amend/correct judgment to include amount of interest and references to disposition of all claims (dkt 288);

        d.    The motion to conditionally certify the judgment under Rule 54(B) *nunc pro tunc* (dkt 289);

        e.    The motion to dismiss Douglas Symons (dkt 308); and

        f.    The motion to vacate and reconsider order holding non-transferees liable for fraudulent conveyances (dkt 314).

    4.    The motion to vacate writs of execution (dkt 278) is **granted**. The writs of execution (dkts 262-267) **are void, are recalled, and shall have no further effect**.

    5.    The Notice of Levy and Direction Not to Transfer Assets (dkt 279) is **void and of no further effect**.

## B.

Proceedings in the action are **stayed** except as may be determined at the conference of June 17, 2010, if it is conducted, and except as may be directed by the Court of Appeals.

## C.

The goal of this Entry has been to acknowledge the nature of the Judgment issued on October 19, 2009, as incomplete and non-final and to remediate insofar as possible in light of the pending appeals the errors of the court and of the parties which followed. The parties should not indulge the belief that the Findings of Fact and Conclusions of Law also entered on October 19, 2009, are also vacated; that ruling **remains in effect** except insofar as that ruling directs the entry of final judgment.

The rulings in this Entry are issued premised on the retention by this court of jurisdiction over matters not associated with the pending appeals. If one or more rulings herein is determined to be outside the court's jurisdiction because of those appeals, any remaining rulings will remain in effect.

**II.**

In light of the stay issued in Part I.B. of this Entry, the conference set for June 17, 2010, is **vacated**, but will be reinstated and will be conducted only if any party requests not later than noon, Eastern Standard Time, on June 16, 2010, that the conference be conducted. If such a request is filed, the conference will be conducted without further notice from the court. If no such request is filed, the conference will not be conducted.

**IT IS SO ORDERED.**

Date: 06/15/2010

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com,tasbury@cohenandmalad.com

Robert M. Baker, III
rbaker@rbakerlaw.net,mperryman@rbakerlaw.net

Michael J. Blinn
COHEN & MALAD LLP
mblinn@cohenandmalad.com,sbraun@cohenandmalad.com

James A. Hardgrove
SIDLEY AUSTIN BROWN & WOOD LLP
jhardgrove@sidley.com,efilingnotice@sidley.com

Jeffrey Lynn McKean
WOODEN & MCLAUGHLIN LLP
drichards@woodmaclaw.com

Robert L. McLaughlin
WOODEN & MCLAUGHLIN LLP
rmclaughlin@woodmaclaw.com

Patricia M. Petrowski
SIDLEY AUSTIN LLP
ppetrowski@sidley.com,efilingnotice@sidley.com

Michael Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmclaw.com,drichards@woodmclaw.com

Ellen S. Robbins
SIDLEY AUSTIN LLP
erobbins@sidley.com,efilingnotice@sidley.com

Susan Spies Roth
SIDLEY AUSTIN LLP
sroth@sidley.com