UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IGF INSURANCE COMPANY, et al. | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     vs. | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, | ) | 1:01-cv-799-RLY-MJD |
|     Defendant, | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, and 1911 CORP., | ) | |
|     Counter-Plaintiffs and Third-Party Plaintiffs, | ) | |
| | ) | |
| IGF INSURANCE COMPANY, et al., | ) | |
|     Counter-Defendants, and Third-Party Defendants. | ) | |

**ORDER ON CONTINENTAL CASUALTY COMPANY'S MOTION TO STRIKE ALAN AND GORDON SYMONS' MOTION TO AMEND FINDINGS AND TO ENTER JUDGMENT IN THEIR FAVOR**

Continental Casualty Company ("CCC") moves to strike Alan and Gordon Symons' Motion to Amend Findings and to Enter Judgment in Their Favor ("Motion to Amend"). CCC argues that this Motion comes too late, and is brought only to further delay these proceedings. Although this Motion was filed approximately two-and-a-half years after the court's Findings of Fact and Conclusions of Law, to date, there has been no final judgment. Given the unusual procedural posture of this case, Alan and Gordon

1

Symons' Motion to Amend is treated as a motion to reconsider an interlocutory order.

A district court retains the power to reconsider and modify its interlocutory orders at any time prior to the entry of final judgment. *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993) ("[I]t is well established that a district court has the inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment."); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."); *cf.* FED. R. CIV. P. 54(b) (providing that interlocutory orders that resolve fewer than all claims "may be revised at any time before the entry of a [final] judgment"). Whether to grant or deny such a motion is committed to the sound discretion of the district court. *Azko Coatings, Inc. v. Aigner Corp.*, 909 F.Supp. 1154, 1159 (N.D. Ind. 1995).

The court, in its discretion, finds CCC's Motion to Strike should be denied for three reasons. First, the Motion to Amend is timely filed, as odd as that may sound, because it is filed before the entry of a final judgment. *Fayetteville*, 936 F.2d at 1469. Second, motions to strike motions to reconsider are generally disfavored. *See, e.g., Mergentime Corp. v. Washington Metro. Area Transit Auth.*, 166 F.3d 1257, 1263 (C.D. Cir. 1999) (stating that a district judge does not have the discretion to refuse to grant or deny post-trial motions); *see also* 121 WRIGHT, MILLER & KANE, *Federal Practice and Procedure* § 2818, at 194 (2d ed. 1995) ("If the trial judge has failed to exercise discretion at all, as when he is under the mistaken apprehension that he has no power to

2

grant the relief sought, the appellate court can review that decision and can order the judge to exercise his discretion."). Finally, if the court made a mistake of fact or law, as alleged by Alan and Gordon Symons, the court finds it best to correct the record prior to the entry of final judgment.

**IT IS THEREFORE ORDERED** that CCC's Motion to Strike Alan and Gordon Symons' Motion to Amend Findings and to Enter Judgment in Their Favor (Docket # 362) is **DENIED**.  CCC shall have forty (40) days from the date of this Order to respond to the merits of Alan and Gordon Symons' Motion.

**SO ORDERED** this  20th  day of March 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Robert M. Baker III
rbaker@rbakerlaw.net

Michael J. Blinn
COHEN & MALAD LLP
mblinn@cohenandmalad.com

James A. Hardgrove
SIDLEY AUSTIN BROWN & WOOD LLP
jhardgrove@sidley.com

Jeffrey Lynn McKean
WOODEN & MCLAUGHLIN LLP
drichards@woodmaclaw.com

Robert L. McLaughlin
WOODEN & MCLAUGHLIN LLP
rmclaughlin@woodmaclaw.com

Patricia M. Petrowski
SIDLEY AUSTIN LLP
ppetrowski@sidley.com

Michael Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmclaw.com

Ellen S. Robbins
SIDLEY AUSTIN LLP
erobbins@sidley.com

Kevin M. Fitzgerald
NIXON PEABODY LLP
kfitzgerald@nixonpeabody.com

Michael H. Michmerhuizen
BARRETT & McNAGNY LLP
mhm@barrettlaw.com

Mary F. Schmid
STEWART & IRWIN, P.C.
mschmid@silegal.com

Edward Paul Grimmer
AUSTGEN KULPER & ASSOCIATES, P.C.
egrimmer@austenlaw.com

Thomas J. Dillon
McFADDEN & DILLON, P.C.
t.dillon@mcdillaw.com

W. Daniel Deane

NIXON PEABODY LLP
ddeane@nixonpeabody.com

Michael B. Knight
COLLIGNON & DIETRICK, P.C.
mknight@cdattorneys.com

Patrick J. Dietrick
COLLIGNON & DIETRICK
pdietrick@cdattorneys.com

Copy to:

Dale R. Crider
CNA Center
222 S. Wabash Ave., 43rd Fl.
Chicago, IL 60604