**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| IGF INSURANCE COMPANY, *et al.*,  ) | |
| ) | |
| Plaintiffs,  ) | |
| ) | |
| vs.  ) | |
| ) | |
| CONTINENTAL CASUALTY  ) | |
| COMPANY, an Illinois Insurance  ) | |
| Corporation,  ) | |
| ) | |
| Defendant,  ) | 1:01-cv-799-RLY-MJD |
| _____  ) | |
| ) | |
| CONTINENTAL CASUALTY  ) | |
| COMPANY, and 1911 CORP.,  ) | |
| ) | |
| Counterplaintiffs and  ) | |
| Third-Party Plaintiffs,  ) | |
| ) | |
| vs.  ) | |
| ) | |
| IGF INSURANCE COMPANY, IGF  ) | |
| HOLDINGS, INC., and SYMONS  ) | |
| INTERNATIONAL GROUP, INC.  ) | |
| ) | |
| Counterdefendants,  ) | |
| ) | |
| and  ) | |
| ) | |
| GORAN CAPITAL, INC., GRANITE  ) | |
| REINSURANCE COMPANY, LTD.,  ) | |
| SUPERIOR INSURANCE COMPANY,) | |
| PAFCO GENERAL INSURANCE  ) | |
| COMPANY, ALAN SYMONS,  ) | |
| DOUGLAS SYMONS, and  ) | |
| G. GORDON SYMONS,  ) | |
| ) | |
| Counterdefendants and  ) | |
| Third-Party Defendants.  ) | |

## Entry Discussing Selected Matters

Among the court's rulings announced from the bench at the conclusion of the hearing on March 9, 2012, was its determination that the claim against Superior Insurance Company ("Superior") would be severed. The motion of Continental Casualty Company ("Continental") seeking such action [341] is **granted**. This ruling is made pursuant to Rule 21 of the *Federal Rules of Civil Procedure.*

### I.

"It is within the district court's broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir. 2000). A district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are "discrete and separate." *Id.* In other words, one claim must be capable of resolution despite the outcome of the other claim. *Id.*

The claims against Superior are separate from Continental's claims against the other parties, and the presence of Superior in this action is not necessary or indispensable to determining the outcome of the other claims. In view of the long-standing stay against prosecuting any claim against Superior issued by the Superior rehabilitation court, the severance of the claims against Superior here significantly simplifies the case and prevents further delay. Fundamental fairness and judicial efficiency support severance, and no party to the action would be prejudiced by the severance of Superior.

### II.

"'[S]everance of claims under Rule 21 results in the creation of separate actions.'" *Abuhouran v. Nicklin,* 764 F.Supp.2d 130, 133 (D.D.C. 2011)(quoting *In re Brand–Name Prescription Drugs Antitrust Litig.,* 264 F.Supp.2d 1372, 1376 (J.P.M.L. 2003)); *see Rice,* 209 F.3d at 1014 n. 8 ("If the district court severed [the claims against the successor corporation] under Rule 21, then it created two separate actions, each capable of reaching final judgment and being appealed.").

Accordingly, Continental's claims against Superior are severed from this action into one new case. Continental shall have **twenty-one (21) calendar days** from the date of issuance of this Entry in which to file an amended complaint setting forth its claims against Superior. The amended complaint shall be filed in the newly-opened action.

### III.

The Nature of Suit code of the new action to be opened is 190.

The Cause of Action code of the new civil action to be opened is 28:1332.

The assignment of judicial officers in the new civil action shall be as currently exists in this case. Thus, the new civil action is to be assigned to the dockets of the undersigned and of Magistrate Judge Dinsmore.

The parties in the new civil action to be opened are:

> Continental Casualty Company – plaintiff; and
> Superior Insurance Company – defendant.

A copy of this Entry shall be docketed in the new civil action.

The following pleadings, filings and orders in this action shall be re-docketed in the new civil action:

1) Continental's Answer and Amended Counterclaims filed on December 13, 2001 [51];
2) Superior's Answer to Amended Counterclaims filed on February 7, 2002 [70];
3) Notice of Automatic Stay filed by Superior on September 27, 2002 [110]; and,
4) Entry and Notice administratively closing case against Superior, issued on June 15, 2010 [CMECF 332].

If any party seeks the re-docketing of items not listed above, a request for such action may be filed in the newly-opened action.

No statute of limitations defense regarding the claims asserted by Continental against Superior in an amended complaint shall be asserted by Superior.

**IT IS SO ORDERED.**

Date: 03/30/2012

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

**Distribution:** All electronically registered counsel