UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SYMONS INTERNATIONAL GROUP, INC. and BRADFORD T. WHITMORE, | ) ) ) | |
| Plaintiffs, | ) ) | 1:01-cv-00799-RLY-MJD |
| vs. | ) ) | |
| CONTINENTAL CASUALTY COMPANY, | ) ) | |
| Defendant. _____ | ) ) ) ) | |
| CONTINENTAL CASUALTY COMPANY, 1911 CORP., and SUPERIOR INSURANCE GROUP, | ) ) ) ) | |
| Counter Claimants, | ) ) | |
| vs. | ) ) | |
| SYMONS INTERNATIONAL GROUP, INC. and BRADFORD T. WHITMORE, | ) ) ) | |
| Counter Defendants. _____ | ) ) ) ) | |
| SUPERIOR INSURANCE GROUP and BRADFORD T. WHITMORE, | ) ) ) | |
| Cross Claimants, | ) ) | |
| vs. | ) ) | |
| BOSE MCKINNEY & EVANS LLP, CONTINENTAL CASUALTY COMPANY, BRADFORD T. WHITMORE, and SUPERIOR INSURANCE GROUP, | ) ) ) ) ) | |

1

|  |  |
|---|---|
| Cross Defendants. | ) |
| _____ | ) ) ) |
| CONTINENTAL CASUALTY COMPANY and 1911 CORP., | ) ) ) ) |
| Third Party Plaintiffs, | ) ) |
| vs. | ) ) ) |
| ALAN G. SYMONS, G. GORDON SYMONS, GRANITE REINSURANCE COMPANY, LTD., GORAN CAPITAL, INC., SUPERIOR INSURANCE GROUP, BOSE MCKINNEY & EVANS LLP, and ROBERT SYMONS, | ) ) ) ) ) ) ) ) |
| Third Party Defendants. | ) ) |
| _____ | ) ) |
| STEPHEN CLEAVER, VIRGINIA WRIGHT, MAROULA KYRIACOU, WILMINGTON TRUST COMPANY, SUPERIOR INSURANCE GROUP MANAGEMENT, INC., and PNC BANK, | ) ) ) ) ) ) ) |
| Garnishees. | ) |

**ENTRY ON CONTINENTAL CASUALTY COMPANY'S
MOTION FOR RECONSIDERATION**

As part of proceedings supplemental in this cause, the court authorized

Continental Casualty Company ("CCC") to conduct discovery in order to obtain

documents necessary to execute the judgment. CCC subsequently served requests to

2

produce an assortment of financial documents[1] for the period of January 1, 2000 to present on certain Garnishee Defendants and Judgment Debtors, including Robert Symons ("Symons").  In an Order dated March 20, 2015 (the "Compel Order"), the Magistrate Judge denied Symons' motion for a protective order, granted CCC's motion to compel, and explicitly ordered Symons to "completely and unequivocally respond to CCC's discovery requests within fourteen (14) days."  (*See* Filing No. 680, Compel Order at 21).  Despite this clear mandate, Symons' production following the Compel Order was woefully deficient.  CCC moved for sanctions and a finding of contempt.

In its Order on CCC's Motion to Impose Sanctions Against Robert Symons and to Find Robert Symons in Contempt of Court (the "Sanctions Order"), the court determined Symons had violated the Compel Order and consequently ordered him to reimburse CCC for the costs associated with bringing the motion, including attorneys' fees.  The court declined to find Symons in contempt though.  This ruling was based upon the fact that CCC had not filed a reply brief, leading the court to assume Symons' belated production of documents, as described in his response brief, had fully responded to CCC's requests.  In its Order on CCC's Motion for Leave for an Extension of Time to File a Reply (the "Leave Order"), the court denied CCC leave to file a reply brief in support of its motion for sanctions because the court had already ruled on that motion.

---

[1] As a few examples, CCC seeks federal and state income tax returns, records of bank accounts, documents pertaining to ownership in any real property, and records of any amounts owed to creditors.  (*See* Filing No. 576 at 5-6).

CCC now moves for reconsideration of both the Sanctions Order and Leave Order. A district court has the inherent power to reconsider interlocutory orders before entry of final judgment. *See Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). *See also* Fed. R. Civ. P. 54(b). CCC requests that the court: (1) vacate the Sanctions Order and Leave Order; (2) grant an extension of time to file a reply brief; (3) grant the motion for sanctions in full; and (4) compel Symons to fully respond to the outstanding discovery requests.

**I. Basis for Symons' Non-Compliance with the Compel Order**

CCC contends that Symons still refuses to comply with the Magistrate Judge's mandate. In other words, the court's assumption that Symons had fully responded to CCC's discovery requests was faulty. In response, Symons makes clear that he does not take issue with the scope of CCC's discovery.[2] Instead, his primary argument is that he simply does not possess, have custody of, or have control over any additional documents that would be responsive to CCC's requests. *See* Fed. R. Civ. P. 34(a)(1) (authorizing a party to request documents that are "in the responding party's possession, custody, or control"). CCC replies that Symons is improperly relying upon the literal language of Rule 34. As the Magistrate Judge concluded in response to a similar argument brought by Alan Symons, "[T]he prevailing rule is that a party does not have to actually possess the requested documents to be in control of them. Instead, the test is whether the party has a legal right to control or obtain the documents." (Filing No. 726, Order on Motion

---

[2] Nor could he. The Magistrate Judge already rejected Symons' objections to CCC's discovery requests and compelled him to fully respond. Symons did not seek review of that decision.

to Compel Production and Impose Sanctions at 13) (internal quotation marks and citations omitted). *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 838-39 (7th Cir. 2014) (affirming the district court's use of the "legal right to obtain" standard when ruling on a motion to compel).

CCC argues that Symons, as executor for the estate of G. Gordon Symons, has a legal right to obtain the documents it seeks because G. Gordon Symons had a legal right to obtain them when he was alive. For example, G. Gordon Symons had the right to obtain records of his money market account at Bank of America, so Symons should now possess that same right. CCC quotes Indiana case law regarding the power and authority of personal representatives in support. Indeed, pursuant to Indiana Code § 29-1-13-1, "Every personal representative shall have a right to take, and shall take, possession of all the real and personal property of the decedent." The court therefore finds that Symons, as executor for the estate of G. Gordon Symons, does have the legal right to obtain G. Gordon Symons' tax returns, bank account records, mortgage documents, etc. This means that G. Gordon Symons' financial documents are in Symons' "possession, custody, or control" for purposes of Rule 34, which, in turn, means that Symons was required to produce them in response to the Compel Order.

## II. Civil Contempt of Court

In light of these facts, CCC asks the court to find that Symons is in civil contempt of court pursuant to Rule 37(b)(2)(A)(vii). *See* Fed. R. Civ. P. 37(b)(2)(A)(vii) (stating that when "a party . . . fails to obey an order to provide or permit discovery" the court is

authorized to treat the failure as "contempt of court"). As the party requesting a contempt finding, CCC must establish by clear and convincing evidence that: "(1) the district court's order set forth an unambiguous command; (2) [Symons] violated that command; (3) the violation was significant, meaning that [Symons] did not substantially comply with the order; and (4) [Symons] failed to make a reasonable and diligent effort to comply." *Ohr ex rel. NLRB v. Latino Express, Inc.*, 776 F.3d 469, 474 (7th Cir. 2015). CCC has met its burden.

First, the Compel Order does set forth an unambiguous command–to respond to CCC's discovery requests within fourteen days. Second, Symons effectively conceded his violation of that command in the briefing on CCC's motion for sanctions. (*See* Sanctions Order at 3 ("Symons does not contest these facts [referring to CCC's account of his deficient production]. Rather, Symons summarily concludes that sanctions are 'unwarranted and unnecessary' because . . . CCC eventually received the documents it requested.")). The court finds that he is still in violation of that command because he has the legal right to obtain additional responsive documents. Third, the violation was significant because Symons did not substantially comply with the Compel Order. CCC contends Symons has failed to produce *any* documents pre-dating 2009, a critical period of time in this litigation. CCC also submits a lengthy list of documents "known to exist" that it claims Symons has wrongfully withheld, including records of G. Gordon Symons' bank accounts in Canada, the United States, Bermuda, and the British Virgin Islands. Lastly, Symons did not make a reasonable and diligent effort to comply. In his briefing, Symons maintains he has produced all the documents in his possession and that obtaining

6

the documents CCC requests would place an undue burden upon him. The court disagrees, as this same argument was rejected by the Magistrate Judge in the Compel Order. (*See* Compel Order at 13-21).

Because CCC has satisfied the four elements set forth by the Seventh Circuit, the court will find Symons in contempt. The court will also sanction Symons pursuant to that finding. Sanctions for civil contempt "may be either coercive or remedial." *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 712 (7th Cir. 2014). In other words, they "are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy." *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001). These sanctions are coercive, as they are an attempt to bring Symons into compliance with the Compel Order.

### III. Fee Shifting in the Sanctions Order

In the Sanctions Order, the court ordered Symons to reimburse CCC for the costs associated with bringing its motion for sanctions, including attorneys' fees, pursuant to Rule 37(b)(2)(C). Because the Sanctions Order will be vacated, the court will again order Symons to reimburse CCC for those costs and attorneys' fees. CCC submitted an itemized statement detailing the hours billed in connection with the motion for sanctions on March 3, 2016, and Symons did not object to their reasonableness. He shall therefore remit the full sum charged to CCC by its attorneys: $6,247.50.

### IV. Conclusion

Therefore, the court **GRANTS IN PART**[3] CCC's Motion for Reconsideration (Filing No. 754). The court:

1. **VACATES** its Order on CCC's Motion to Impose Sanctions Against Robert Symons and to Find Robert Symons in Contempt of Court (Filing No. 752);

2. **GRANTS** CCC's Motion to Impose Sanctions Against Robert Symons and to Find Robert Symons in Contempt of Court (Filing No. 708);

3. Finds Robert Symons to be in **CIVIL CONTEMPT OF COURT** for failing to comply with the Magistrate Judge's Order of March 20, 2015;

4. **SANCTIONS** Robert Symons in the amount of $1,000.00 and **ORDERS** him to remit this sum to the Clerk of this court **within fourteen days** of the date of this Entry[4];

5. **COMPELS** Robert Symons to completely and unequivocally respond to CCC's outstanding discovery requests **within thirty days** of the date of this Entry;

6. **ORDERS** Robert Symons to file a Notice of Compliance, which shall include an affidavit that lists, in detail, all of the documents he produces in response to this Entry;

7. **ORDERS** that, in the event Robert Symons determines any of the documents identified as the "Documents Known to Exist" by CCC in its reply brief, (*see*

---

[3] The motion is only granted in part because the court declines to reconsider its denial of CCC's Motion for Leave for an Extension of Time to File a Reply. The parties provided thorough briefing in connection with CCC's Motion for Reconsideration so no additional briefing is necessary.

[4] Symons should include a copy of this Entry with his payment to the Clerk.

8

    Filing No. 762 at 7-9), do not actually exist or that he does not have the legal right to obtain them, he shall provide a specific and comprehensive explanation of that fact in his affidavit;

8. **ORDERS** that the failure of Robert Symons to fully comply with this Entry shall result in an additional contempt sanction of $100.00 per day until full compliance is achieved; and

9. **SANCTIONS** Robert Symons in the amount of $6,247.50 and **ORDERS** him to remit this sum to CCC **within fourteen days** of the date of this Entry.

**SO ORDERED** this 3rd day of June 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.