UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SYMONS INTERNATIONAL GROUP, INC., | ) | |
| BRADFORD T. WHITMORE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:01-cv-00799-RLY-MJD |
| vs. | ) | |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO EXCLUDE STEVE BLACKBURN FROM
ENTRY ON MOTION FOR WRIT OF GARNISHMENT**

Garnishee Defendant Steve Blackburn ("Blackburn") moves the Court to exclude him

from the scope of the Court's May 22, 2017 Entry on Motion for Writ of Garnishment. [Dkt.

878.] For the reasons set forth below, the Court **DENIES** Blackburn's motion.

**I.      Background**

On May 25, 2016, the United States Court of Appeals for the Seventh Circuit affirmed

this Court's Final Judgment in favor of Third Party Plaintiff Continental Casualty Company

("CCC" or "Plaintiff") against Defendants Symons International Group, Inc.; IGF Holdings, Inc.;

Alan G. Symons; Robert Symons, as successor in interest to G. Gordon Symons; Granite

Reinsurance Company, Ltd.; and Goran Capital, Inc. (collectively "Symons" or "Defendants").

[Dkt. 768.] The Final Judgment was entered in the amount of $34,258,078.00, plus prejudgment

interest in the amount of $10,036,978.00 through December 31, 2012, for a total of

$44,295,056.00, plus $3,458.00 per day since December 31, 2012, to the date of the Judgment,

plus any post-award interest, against the Defendants. [Dkt. 557 at 2.] As of January 30, 2017, the balance due on the Judgment was $24,741,492.37, plus post-judgment interest. [Dkt. 812.]

On May 22, 2017, the Court made an entry on CCC's motion for writ of garnishment and ordered CCC to serve the Court's Order and any appropriate interrogatories and request for production upon certain Garnishee Defendants and to file proof of such service on or before May 30, 2017. [Dkt. 812; Dkt. 816 at 4.] Steve Blackburn was on the list of the approved Garnishee Defendants. [Dkt. 816 at 4.] On May 30, 2017, CCC filed its certification of service to Garnishee Defendant Steve Blackburn ("Blackburn" or "Garnishee Defendant") at his Indianapolis address. [Dkt. 853.]

On June 29, 2017, Blackburn filed a motion to exclude him from the Court's May 22, 2017 Entry. [Dkt. 878.] Blackburn argues that the Court lacks personal jurisdiction over him because the Court's May 22, 2017 Entry is not a summons and thus he has not been served with proper service of process. [*Id*. at 2.] He also argues that CCC's document requests are not authorized under Federal Rule 69 because he is a non-party who has not been served with a subpoena. [*Id*. at 3.] Furthermore, Blackburn objects to the interrogatories and document requests by arguing that the term "Judgment Debtors" is vague and ambiguous, that the 17-year span of the requests are disproportional to CCC's need to identify assets currently in existence, and that it would be unduly burdensome for Blackburn to produce the requested information. [*Id*. at 5–10.]

On July 12, 2017, CCC responded to Blackburn's motion. [Dkt. 891.] CCC asserts that the Court's May 22, 2017 Entry constitutes a summons under both federal rules and Indiana Trial Rule 4(C) and that its document requests are properly included within the Garnishment Order. [*Id*.] On July 19, 2017, Blackburn filed a reply in support of his motion. [Dkt. 893.]

## II.   <u>Discussion</u>

In the motion before the Court, there are three issues that the Court will now examine: (1) whether the Court's May 22, 2017 Entry constitutes a summons so that Blackburn was properly served by CCC and thus the Court has personal jurisdiction over him; (2) whether a subpoena is necessary to serve discovery requests on Blackburn; and (3) whether CCC's interrogatories and document requests are unduly burdensome.

### A.   <u>Personal Jurisdiction</u>

Federal Rule of Civil Procedure 69 governs proceedings supplemental to a judgment:

**(1)** ***Money Judgment: Applicable Procedure***. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

**(2)** ***Obtaining Discovery***. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a). Here, the law of Indiana controls because this action is pending in Indiana.

In turn, Indiana Rule of Trial Procedure 69(E) provides the applicable procedure for proceedings supplemental in Indiana:

> [T]he court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4.

Ind. Code Ann. § 69(E) (West 2017). Trial Rule 4(C) states the information which the summons shall contain:

(1) The name and address of the person on whom the service is to be effected;

(2) The name of the court and the cause number to the case;

(3) The title of the case as shown by the complaint…;

(4) The name, address, and telephone number of the attorney for the person seeking service;

(5) The time within which these rules require the person being served to respond, and a clear statement that in case of his failure to do so, judgment by default may be rendered against him for the relief demanded in the complaint.

The summons may also contain any additional information which will facilitate proper service.

Ind. Code Ann. § 4(C) (West 2017).

Here, CCC's verified motion for proceeding supplemental and the Court's May 22, 2017 Entry which were served on Blackburn on May 30, 2017 contained all of the information required to be in a summons except for a statement that a failure to respond within the stated time could result in a default judgment. [*See* Dkt. 816.] The Court's Entry and the accompanying documents served on Blackburn include: (1) Blackburn's name and address; (2) the contact information for the Court and the relevant cause number assigned to the case; (3) the title of the case; (4) the contact information for counsel for CCC; and (5) the time within which the rules require Blackburn to respond to the Court's Entry. [*Id.*]

Although there was no language stating that a failure to respond within the stated time could result in a default judgment, a default judgment is inappropriate in this matter. *Owens-Classic, Inc. v. Swager Tower Corp.*, 480 N.E.2d 232, 234-35 (Ind. Ct. App. 1985). Therefore, a statement that such a judgment would be entered is inappropriate, and thus, is not required in order for the Court's May 22, 2017 Entry to constitute a summons. *Id.*

Furthermore, Blackburn's argument that Trial Rule 69(E) requires that a judgment creditor must serve a garnishee defendant three distinct items including the motion for proceedings supplemental, the court's order, and a separate summons, is unpersuasive. Nothing

in Trial Rules 4 and 69(E) forbids a garnishment order from serving as a summons. As noted above, Trial Rule 69(E) in relevant part states: "[t]he motion, along with the court's order stating the time for the appearance and hearing or the time for the answer to interrogatories submitted with the motion, shall be served upon the judgment debtor as provided in Rule 5, and other parties and the garnishee shall be entitled to service of process as provided in Rule 4." Ind. Code Ann. § 69(E) (West 2017). A plain reading of the rule suggests that the verified motion for proceedings supplemental and the court's order shall be served on the garnishee defendant in a manner that is consistent with Trial Rule 4. *Id.* In turn, Trial Rule 4 sets out the requirements of a summons but nowhere does the rule state that a garnishment order, which includes all the necessary requirements of a summons, cannot be a summons itself. *Id.*

It is well settled in this Circuit that proceedings to enforce judgments should be "swift, cheap, [and] informal." *Resolution Tr. Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993) ("We do not think the draftsmen of Rule 69 meant to put the judge into a procedural straitjacket, whether of state or federal origin."). Garnishee Defendant himself acknowledges that "it is well-settled that service of summons is a prerequisite to the exercise of personal jurisdiction." [Dkt. 878 at 2.] Because the Court's May 22, 2017 Entry constitutes a summons for the reasons stated above and Blackburn has been served with both the Court's Entry and CCC's verified motion for proceedings supplemental, [Dkt. 853], this Court clearly has personal jurisdiction over him.

### B. **Procedure for Discovery Requests**

As noted above, proceedings supplemental in this case must comply with Indiana Rule of Trial Procedure 69(E), which provides that "[i]n aid of the judgment or execution, the judgment creditor or his successor in interest of record and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery or as provided under

the laws allowing proceedings supplemental." Ind. Code Ann. § 69(E) (West 2017). Moreover, Federal Rule of Civil Procedure 69(a)(2) states that "the judgment creditor … may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). As this Court held previously, "in considering the procedure by which discovery is conducted, the Court has considerable discretion….The Court does not necessarily need to 'borrow the *entire* procedural law of the state,' nor does the Court need to 'apply the federal rules because they have the force of statute.'" [Dkt. 637 at 8.]

Here, both CCC and Blackburn agree that CCC's document requests "fall squarely within the scope of both the federal and state rules governing discovery." [*See* Dkt. 878; Dkt. 891; Dkt. 893.] What is in dispute is whether a subpoena is necessary to serve discovery requests on Blackburn, a garnishee defendant.

Blackburn's main argument is that he is a "non-party" in this case, and thus, CCC must use a subpoena to properly propound document requests on him. This argument is without merit. In a proceedings supplemental, a garnishee defendant is "**joined as a party** and is required to answer as to non-exempt property held by the garnishee for the judgment-debtor or an obligation owning from the [garnishee defendant] to the judgment-debtor." *Keaton v. Fort Wayne Neurosurgery*, 780 N.E.2d 1183, 1185 (Ind. Ct. App. 2003) (emphasis added).

Courts in different circuits have also agreed that garnishee defendants are joined as parties in a lawsuit. For example, in *Conversion Chemical Corporation v. Dr.-Ing. Max Schloeter Fabrik Fur Garvantechnik & Lea-Ronal, Inc.*, the Court held that where garnishee was brought under jurisdiction of court by judicial process and a judgment might be rendered for or against it in supplemental proceeding, the garnishee was "sufficiently a 'party'" to be subject

to an order requiring garnishee to produce documents under Federal Rule of Civil Procedure 34. *Conversion Chem. Corp. v. Dr.-Ing. Max Schloetter Fabrik Fur Garvantechnik & Lea-Ronal, Inc*., 49 F.R.D. 126, 128 (D. Conn. 1969).

Here, Blackburn is a third-party garnishee defendant who was brought under jurisdiction of this Court by judicial process. For the reasons stated above, on May 30, 2017, Blackburn was properly served by CCC with CCC's verified motion for proceedings supplemental and this Court's May 22, 2017 Entry at his address in Indianapolis. [Dkt. 853.] Thus, like the garnishee defendant in *Dr.-Ing*., Blackburn is "sufficiently a 'party'" to be subject to an order requiring him to produce documents. As a result, Federal Rule of Civil Procedure 45 and Indiana Rule of Trial Procedure 34(C)(3), which require the use of a subpoena to serve discovery requests on nonparties, are not applicable here. *See* Fed. R. Civ. Pro. 34(c); Ind. Code Ann. § 34(C)(3) (West 2017).[1]

## C. <u>Burden of CCC's Requests</u>

Blackburn next argues that Blackburn should not be required to respond to CCC's interrogatories and document requests concerning "Judgment Debtors" because the scope of that term is vague and ambiguous as it contained the undefined terms "subsidiaries" and "affiliates" in its definition. This argument is unpersuasive. "The fact that a word or phrase is not defined … does not render that word or phrase ambiguous." *Linville v. Hoosier Trim Prods*., 664 N.E.2d 1178 (Ind. Ct. App. 1996). *See also Levy v. Minn. Life Ins. Co.*, 517 F.3d 519, 524 (7th Cir. 2008).

---

[1] Furthermore, it is absurd to suggest that the document requests served on Blackburn would be proper if accompanied by a subpoena, but are improper and may be disregarded when accompanied by a **Court order** directing Blackburn to respond.

Here, the term "Judgment Debtor" was defined in the interrogatories and document requests as "both individually and collectively, the Individual and Corporate Counterdefendants Alan Gordon Symons, Gerald Gordon Symons, Robert Symons, as successor in interest of Gerald Gordon Symons, IGF Holdings, Symons International Group, Inc., Goran Capital, Inc. and Granite Reinsurance Company, Ltd. and/or its subsidiaries, affiliates, agents employees, attorneys and/or anyone acting on its behalf." [Dkt. 812-5 at 26.] The fact that the terms "subsidiaries" and "affiliates" were not defined alone does not render these terms unambiguous especially when they were placed immediately after a list of different corporations.

Moreover, "[a] party responding to discovery requests should exercise . . . common sense and reason to determine the meaning of words and phrases, and apply the ordinary meanings whenever possible." *High Point SARL v. Sprint Nextel Corp.*, Civ. Action No. 09–2269–CM–DJW, 2011 WL 4036424, at *13 (D. Kan. Sep. 12, 2011). By itself, "subsidiary" is defined as an "enterprise that is controlled by another by owning more than 50% of voting stock." THE LAW DICTIONARY, http://thelawdictionary.org/subsidiary/ (last visited Sep. 8, 2017). "Affiliate" is defined as "companies that have a shared resources, interests, or business dealings." THE LAW DICTIONARY, http://thelawdictionary.org/affiliate/ (last visited Sep. 8, 2017). Since the common sense and ordinary meanings of the two words are readily ascertainable, they are not ambiguous or vague in this context.

Finally, Blackburn's argument that CCC's document requests are unduly burdensome without demonstrating how disclosing the requested documents and information would be particularly burdensome is also without merit. As this Court noted in its previous order,

> Under Rule 69, discovery requests in proceedings supplemental "are treated in the same manner as pretrial discovery requests." *Winforge, Inc. v. Coachmen Indus., Inc.*, No. 1:06-CV-619-SEB-WGH, 2011 WL 5844873, at *2 (S.D. Ind. Nov. 8, 2011). During pretrial discovery, a party objecting to

requests on the basis of burden must "adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome." *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, No. 1:04-CV-477, 2007 WL 1164970, at *4 (N.D. Ind. Apr. 18, 2007). This typically requires affidavits or other evidence establishing the cost or time required to provide the requested information.

[Dkt. 637. at 11.]

Here, Blackburn has not provided specific evidence or a particular showing of hardship. There are no affidavits or other evidence establishing the cost or time required to provide the requested information. Instead, he only makes a generic objection to all document requests, stating that the requests seek material that is "not relevant" to the proceedings supplemental and the 17-year span of the requests are "wholly disproportional to CCC's need" to identify assets that can be used to satisfy the Court's Final Judgment. [Dkt. 878.] As this Court previously held, such "overly general assertions of undue hardship" will not suffice. [Dkt. 637.]

## III.    Conclusion

For the reasons set forth above, the Court **DENIES** Blackburn's *Motion to Exclude Steve Blackburn from Entry on Motion for Writ of Garnishment*. [Dkt. 878.] Blackburn shall provide complete and unequivocal responses to CCC's interrogatories and request for productions on or before October 16, 2017, or shall show cause by that date why he should not be sanctioned for such failure.

SO ORDERED.

Dated:  26 SEP 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

9

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.