UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SYMONS INTERNATIONAL GROUP, INC., )
BRADFORD T. WHITMORE, )
                                         )
           Plaintiffs, )
                                         )     No. 1:01-cv-00799-RLY-MJD
                 vs. )
                                         )
CONTINENTAL CASUALTY COMPANY, )
                                         )
           Defendant. )

**ORDER ON MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO CCC'S APPLICATION FOR ORDER CHARGING JUDGMENT DEBTOR ALAN G. SYMONS' INTERESTS IN LIMITED LIABILITY COMPANIES**

This matter comes before the Court on Judgment Debtor Alan G. Symons' ("Symons") Motion for Leave to File Sur-Reply in Opposition to Continental Casualty Company's Application for Order Charging Judgment Debtor Alan G. Symons' Interests in Limited Liability Companies. [Dkt. 900.]

On July 28, 2017, Judgment Creditor Continental Casualty Company ("CCC") filed its Application for Order Charging Judgment Debtor Alan G. Symons' Interests in Limited Liability Companies ACE Mobility, LLC ("ACE"); Lifepress, LLC f/k/a Sams Technical Publishing, LLC ("Lifepress"); SAW Capital, LLC ("SAW"); AGS Capital, LLC ("AGS"); Superior Metal Technologies, LLC ("Superior"); The Trophy Club, LLC ("Trophy"); Brendanwood Financial Brokerage, LLC ("Brendanwood"); and SMT Transportation, LLC ("SMTT"). [Dkt. 895.] On August 9, 2017, CCC filed its Amended Application removing SAW from the list of entities CCC contends Symons holds a membership interest. [Dkt. 896.] On August 11, 2017, Symons responded to both CCC's original and amended applications. [Dkt. 898.]

On August 18, 2017, CCC filed its reply in further support of its amended application. [Dkt. 899.] CCC argues that Symons has membership interest in Superior and Lifepress and attached as Exhibit A Symons' own LinkedIn profile which stated that he "[c]urrently owns Superior Metal, [and] SAMS Publishing [otherwise known as Lifepress]." [*Id*. at 3.] Similarly, CCC asserts that throughout the course of post-judgment discovery, Symons has indicated that he has a membership interest in SMTT and Brendanwood. [*Id*. at 4.] Furthermore, CCC attached as Exhibit B the Affidavit of Evan Yablonsky indicating that Brendanwood's counsel confirmed Symons has a ten percent (10%) ownership interest in the company. [*Id.*] CCC did not include these information in its original and amended applications. [*See* Dkt. 895; Dkt. 896.]

On August 23, 2017, Symons filed a motion for leave to file sur-reply in opposition to CCC's application. [Dkt. 900.] Symons argues that CCC's Reply contains factual and legal inaccuracies that Symons addressed in his Sur-Reply, which was attached as Exhibit A to his motion. [*Id.*]

It is well settled that the decision whether to grant a motion for leave to file a sur-reply is within the Court's discretion. *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 857 (N.D. Ill. 2015). *See also Johnny Blastoff, Inc. v. L.A. Rams*, 188 F.3d 427, 439 (7th Cir. 1999). The Court should deny a motion to file a sur-reply "when the movant has had the opportunity to thoroughly brief the issues." *Id.* (quoting *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922, 2014 WL 4685753, at *3 (N.D. Ill. Sept. 19, 2014)). A sur-reply is not necessary when "[e]ach brief in the sequence on the motion fairly responded to the arguments in the brief that preceded it." *Id.* (quoting *Franek v. Walmart Stores, Inc.*, 2009 WL 674269, at *19 (N.D. Ill. Mar. 13, 2009)).

Here, Symons contends that a sur-reply "is necessary to clarify the [factual and legal] issues raised in CCC's Reply." [Dkt. 900.] CCC's Reply contained information that were not included in its Application or Amended Application such as Symons' LinkedIn profile stating that he owns Superior and Lifepress, and the Affidavit of Evan Yablonsky who testified that counsel for Brendanwood told him that Symons holds a ten percent (10%) membership interest in Brendanwood. [*See* Dkt. 895; Dkt. 896; Dkt. 899.] Thus, Symons did not have the opportunity to thoroughly address these issues in his response. As a result, the Court exercises its discretion in favor of granting Symons' motion for leave to file a sur-reply.

Accordingly, Symons' motion [Dkt. 900] is hereby **GRANTED**. Symons does not have to refile the exhibits on the docket. The Court has reviewed and considered the documents as already provided.

Dated: 26 SEP 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.